FRANCIS J. EAGEN, DEFENDANT IN ERROR, v. JERSEY CITY, HOBOKEN AND PATERSON STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued March 19, 1907—Decided June 17, 1907.

1. When one who has alighted from a trolley car, in which he had been a passenger, passes behind the car, and proceeds to cross the track on which cars run in the other direction, making no observation for his own safety except to "look up" when the car from which he had alighted prevented his view of the other track, and without waiting until that car had passed sufficiently far to permit observation, enters on that track and is struck by a car thereon before he had seen it, which is not shown to have been running at excessive speed, his negligence contributing to the injury he received is so disclosed as to leave no question to be submitted to the jury.

2. Whether the duty which the trolley company owed to him as a passenger just discharged from one of its cars exceeded that which it owed to any foot passenger attempting to cross its tracks is not involved. The fact that he had been a passenger does not relieve him from the duty on his part to take reasonable care for his own safety.

On error to the Hudson County Circuit Court.

For the plaintiff in error, *William D. Edwards.*

For the defendant in error, *James F. Minturn.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR.   The only assignment of error which it is necessary to consider is that which claims that it was erroneous in the trial judge to refuse to direct a verdict for the plaintiff in error, which direction was requested on the ground that negligence on the part of the defendant in error had been shown which contributed to the injury of which he complained, and that, upon the whole case, there was no evidence upon which a verdict could be sustained.   It is unnecessary to consider whether there was evidence upon which the jury were entitled to find that the railway company was negligent in the running of the trolley car, by collision with which the defendant in error was injured.

An examination of the proofs disclosed the following facts, in respect to which there was no contradiction: Eagen was a passenger on a trolley car of the railway company, proceeding north.   Upon his evincing an intention to alight at a place near the factory in which he was employed, a signal was given by the conductor, and the car slowed down.   Eagen alighted, either after it had stopped or when it was going very slowly. The car then proceeded on its way.   He walked behind it, intending to cross the street on which he had alighted to the place where he was employed.   To do this, he had to cross the other track of the railway company on which its cars ran in the opposite direction from that by which he had come.   In doing so, there was a collision between him and a moving car on that track.   There was evidence tending to show that it was a windy day, and that Eagen moved with his head bent to protect himself from the flying dust, and so walked into the side of the moving car and was thrown down and injured. But there was also evidence, which the jury might believe, that Eagen was struck by the car when he was about the middle of the track on which it was running.   As that view of the situation at the time of the collision is more favorable to him,

it must be assumed that the jury would have adopted that view. There was no evidence that the car was going at an excessive speed. The question, then, is whether, upon this evidence, Eagen, in attempting to cross the track on which the car which struck him was moving, had taken such care for his own safety as a prudent man is required to take under such circumstances. In respect to the care he took, Eagen himself testified as follows:

"*Q.* You went around the end of the car?

"*A.* Back of the car.

"*Q.* You looked?

"*A.* Yes, sir; I looked up.

"*Q.* Why didn't you see the car coming?

"*A.* Because the other car obstructed my view.

"*Q.* When you got off the car?

"*A.* I couldn't see nothing; the first thing I knew the car struck me.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

"*Q.* You don't know what part of the car struck you?

"*A.* No; I don't know what part of the car struck me."

Upon this evidence of Eagen, which was in no respect qualified by him, or contradicted by others, the trial judge, upon a motion to nonsuit, declared that he would permit the case to go to the jury "on the lines of the Scott case." It may be assumed that he referred to the case of *Consolidated Traction Co. v. Scott, 29 Vroom* 683, and that in denying the request for a nonsuit he held that the doctrine of that case on the subject of contributory negligence justified the submission to the jury of that question upon the evidence above quoted.

In the case above cited one question considered and decided was whether, upon proof that a boy, only seven years and eight months old, who, in attempting to cross a public street, had passed behind a trolley car and been run down and killed by a car going in the opposite direction on the adjoining track, was thus shown to have contributed to his own death, so as to require a nonsuit or the direction of a verdict against his personal representative. It is to be observed that what care the deceased took for his safety by way of observation for

approaching cars could not be learned from him, but only from witnesses of the occurrence. While the learned judge who spoke for this court expressed his view that, if the deceased had been an adult, the question of his contributory negligence might have been one for the jury, yet he immediately proceeded to say that the question suggested was not before the court for decision and that the element in the case under consideration, viz., that the deceased was an infant, only *sui juris* by the lapse of a few months, rendered proper the submission to the jury whether, considering all the circumstances, deceased had taken such care in attempting to cross the track as a boy of his tender years might judge sufficient. This court did not intend, by its decision in that case, to overthrow or to cast doubt upon its previous deliverances upon the duty which an adult owes for his safety in crossing a public highway in which others have a right to pass in vehicles, whether drawn by horses or propelled on tracks by other agencies.

The duty of a person crossing the roadbed of a public highway used by such vehicles has been declared in this court to require him to use his powers of observation to observe approaching vehicles and to exercise a reasonable judgment when and how to cross without collision. It has been here asserted that when obstacles temporarily intervene to prevent observation, reasonable prudence would require delay until the required observation can be made. *Newark Passenger Railway Co.* v. *Block,* 26 *Vroom* 605; *Connolly* v. *Trenton Passenger Railway Co.,* 27 *Id.* 701; *Central Railroad Co.* v. *Smalley,* 32 *Id.* 277; *Brown* v. *Railroad Co.,* 39 *Id.* 618.

With respect to Eagen's conduct as he attempted to cross the track, there was no possible conflict which required submission of the case to the jury. The facts were established by his unqualified admission. He did not look for the approach of a car on the other track, except from a point where his observation was prevented by the car from which he had alighted. Although that car was receding and a short delay would have permitted observation, he did not wait. He made no observation, even when on the narrow space between the

tracks, where, if he had looked, he must have seen the approaching car and avoided it.

Upon these established facts there were no conflicting inferences capable of being drawn. *American Saw Co.* v. *First National Bank,* 31 *Vroom* 417. An inference that Eagen had performed his duty as laid down in our cases would have been neither reasonable nor legitimate. *Newark Passenger Railway Co.* v. *Block, ubi supra.* A verdict on such an inference would have been set aside on rule to show cause. The only legitimate inference therefrom is that he did not perform his duty and was therein negligent. That his negligence contributed to his injury is rendered conclusive by his admission that he did not know what part of the car struck him.

It is suggested that this result fails to take into consideration the fact that Eagen had just before been discharged from a car of the defendant company on which he was a passenger. As before stated, it has not been deemed necessary to discuss or determine the question of the negligence of the defendant. Whether such a carrier owes a duty to a passenger who has safely alighted from its car different from that which it owes to every person on, or crossing the highway, is not presented for decision. If it should be held to owe an especial duty to an alighted passenger, that duty does not, in my judgment, diminish the obligation of the passenger to take reasonable care for his own safety.

The result is that the judgment must be reversed.

*For affirmance*—Fort, Pitney, Bogert, Vroom, J.J. 4.

*For reversal*—The Chancellor, Chief Justice, Garrison, Hendrickson, Swayze, Reed, Trenchard, Vredenburgh, Green, Dill, J.J. 10.