## Louisville Railway Company v. Kennedy.

(Decided February 5, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas, Fourth Division).

1. Street Railroads—Injury to Pedestrian—Failure to Look for Approaching Car—Contributory Negligence—Question for Jury.—Plaintiff, after alighting from defendant's street car, passed around the rear end of the car, and in attempting to cross the parallel track, was injured by another car approaching thereon from the opposite direction. Held, that the question of plaintiff's contributory negligence, though she failed to look for the approaching car, was for the jury.

2. Street Railroads—Parallel Tracks—Duty While Approaching Car Stopped to Discharge Passengers—Reasonable Control.—It is the duty of the motorman on a street railroad car, in approaching a car stopped on a parallel track for the purpose of discharging

passengers, to have the approaching car under such control that it may be stopped at a moment's notice.

FRANK P. STRAUS, HOWARD B. LEE and ALFRED SELIG-MAN for appellant.

O'DOHERTY & YONTS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-MISSIONER—Affirming.

This is a personal injury case, in which plaintiff, Blanche Kennedy, recovered of the defendant, Louisville Railway Company, a judgment for $800. The railway company appeals.

Refusal to direct a verdict in favor of the defendant, and error in one of the instructions, are relied on as grounds for a reversal.

The facts are these:

On July 8, 1913, plaintiff was a passenger on a west bound Bardstown Road car, which was moving on the north side of Jefferson Street along one of two parallel tracks. When the car reached the northeast corner of Jefferson and Third Streets, it stopped for the purpose of permitting passengers to alight. Plaintiff got off at this point, and passing around the rear end of the car, started to cross the parallel track for the purpose of reaching the opposite side of the street. When she reached the parallel track, she was struck and injured by a Fourth Street car then being operated on the Second Street line. There is substantial evidence to the effect that the Fourth Street car was being operated at a high rate of speed, and that no warning of its approach was given.

It is insisted that because plaintiff did not look at the approaching Fourth Street car before she stepped on the parallel track she was guilty of contributory negligence as a matter of law. It may be conceded that while a different rule formerly prevailed, a number of the courts now make no distinction between steam railroads and street railroads with respect to the obligation of the pedestrian to look for an approaching car, because they say the danger from stepping on street car tracks where the cars are run by electricity and at a rapid rate and with greater frequency, is quite as great as the danger from stepping on steam railroad tracks, where the cars do not run so often; and common prudence requires that the care on the part of the pedestrain shall be increased in

proportion to the dangers to be apprehended; and they therefore hold that a person who, upon alighting from a street car, passes around the rear end of the car without looking for a car approaching from the opposite direction on the parallel track, and is struck by such car and killed or injured, is guilty of contributory negligence which will defeat a recovery for the injury. Creamer v. West End St. R. Co., 156 Mass., 320, 31 N. E., 391, 32 A. S. R.,456, 16 L. R. A.,490; Weber v. Kansas City Cable R. Co., 100 Mo., 194, 12 S. W., 804, 13 S. W., 587, 18 A. S. R., 541, 7 L. R. A., 819; Hornstein v. United R. Co., 195 Mo., 440, 92 S. W., 884, 113 A. S. R., 693, 6 Ann. Cas., 699 and note, 4 L. R. A. (N. S.), 729 and note; Eagen v. Jersey City, etc., R. Co., 74 N. J. L., 699, 67 Atl., 24, 12 Ann. Cas., 911 and note, 11 L. R. A. (N. S.), 1058; Yersack v. Lackawanna, etc., R. Co., 221 Pa. St., 493, 70 Atl., 837, 128 A. S. R., 746, 18 L. R. A. (N. S.), 519. In other jurisdictions, however, a different rule prevails, and it is held that a failure to look does not bar a recovery, but the question of contributory negligence is for the jury. Chicago City R. Co. v. Robinson, 127 Ill., 9, 18 N. E., 772; Smith v. Union Trunk Line, 18 Wash., 351, 51 Pac., 400; Cincinnati Street R. Co. v. Snell, 50 Ohio St., 197, 43 N. E., 207; Birmingham R., Light & P. Co. v. Landrum, 153 Ala., 192, 45 So., 198; Bremer v. St. Paul R. Co. (Minn.), 120 N. W., 382, 21 L. R. A., 887. The same rule prevails in this State. Louisville Ry. Co. v. Hutchins, 124 Ky., 79, 98 S. W., 275, 7 L. R. A. (N. S.), 152; Creamer v. Louisville R. Co., 142 Ky., 340; Louisville R. Co. v. Mitchell, 138 Ky., 190. Indeed, with the single exception of a person who was stone deaf and therefore unable to discover the approach of the train except by the use of his eyes, we have never held, even in the case of steam railroads, that a failure to look would constitute contributory negligence. C., N. O. & T. P. R. Co. v. Winningham's Admr., 156 Ky., 434; Smith's Admr. v. C., N. O. & T. P. R. Co., 146 Ky., 568. There is, therefore, no necessity on our part to change the rule with respect to street railways, in order to keep pace with the progress of the times, as was the case with the Supreme Court of Missouri. Under our rule, the pedestrian is required to exercise that degree of care that an ordinarily prudent person would exercise, under like or similar circumstances, to learn of the approach of the car and keep out of its way. The degree of care will necessarily vary with the circumstances of each particular case. It is therefore our rule to let the jury deter-

mine the question in the light of all the circumstances. The reason for our position is well illustrated by the facts of this case. Here the parallel tracks lay close to each other. The plaintiff's attention was directed towards a second street car approaching on the north track from the rear. Her view of the car which struck her was obscured until she passed from behind the rear of the car on which she was riding. She had a right to presume that proper warning of the approaching car would be given, and that the car itself would be under proper control, and was not, therefore, required to anticipate negligence on the part of those in charge of the car, and to regulate her conduct accordingly. The question, therefore, was whether or not plaintiff, acting on the presumption that the company would not be negligent, failed to exercise proper care under the circumstances. Viewed from this standpoint, we think plaintiff's conduct afforded room for honest difference of opinion among intelligent men, and the court did not err, therefore, in submitting the question of contributory negligence to the jury.

(2)    It is next insisted that the court erred in instructing the jury that it was the duty of the motorman in charge of the approaching car to have it under such control that it might be stopped at a moment's notice. It is argued that the word "moment" means a space of time incalculable or infinitely small, and that the instruction imposes on the street car company a duty impossible of performance. In spite of counsel's strong argument to the contrary, we see no reason to depart from the rule thus laid down, which, after due deliberation, was declared in the case of Louisville Ry. Co. v. Hutchins, 124 Ky., 79, 7 L. R. A. (N. S.), 152, 98 S. W., 275, and thereafter approved in Louisville Ry Co. v. Mitchell, 138 Ky., 190, and Louisville Ry. Co. v. Cremer, 142 Ky., 340. Where a car on a parallel track is approaching another car which has stopped to discharge passengers, other courts have recognized the necessity for a high degree of caution under the circumstances. Thus it is said that "when a train is stopped to let off or take on passengers, a train on the reverse course should not be allowed to pass the stopping train except it be on such caution and noticeable signals as will be reasonably calculated to avoid the possibility of injury to passengers. Capital Traction Co. v. Lusby, 12 App. D. C., 295. In the case of Bremer v. St. Paul R. Co., *supra,* a duty was imposed on the motorman of having his car under such control that he could stop it

"upon the appearance of danger." The reason for the rule is apparent. When a car stops to permit a passenger to alight, he is still a passenger until he has had a reasonable opportunity to reach a place of safety. He has no opportunity to observe the approach of a car until near the parallel track. He cannot be seen by the motorman of the approaching car until he emerges from behind the waiting car. The fact that the car is stopped to discharge passengers makes it reasonably certain that some of the passengers will attempt to cross the parallel track. It being reasonably certain that passengers will attempt to cross the parallel track, and that their presence cannot be detected until they emerge from behind the waiting car, there is necessarily great danger from accidents. Since there is neither opportunity for the passenger to observe the approaching car, nor for the motorman on the approaching car to observe the passenger until he suddenly emerges from behind the waiting car, the danger is even greater than if he were actually standing on the parallel track. In view of these circumstances, proper care is not exercised unless the approaching car is under such control that it may be stopped on a moment's notice. Louisville R. Co. v. Mitchell, *supra*.

Judgment affirmed.