## Louisville Railway Company v. Rice.

(Decided May 15, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Carriers—Must Exercise Highest Degree of Care for Passenger Known to be Riding Outside of Railing.—If a street car conductor knew that plaintiff was riding outside of the railing on the back platform of the car, and accepted plaintiff's transfer with such knowledge, plaintiff was a passenger, and the company owed the duty of exercising the highest degree of care to transport him safely.

2. Carriers—Not Liable for Injuries to Passenger Inflicted by Negligence of Automobile Driver.—A street railway company is not liable for injuries inflicted on a passenger by the negligent acts of

the driver of an automobile which collided with the street car unless it in some way concurred in the negligence, since it is not an insurer of the safety of its passengers.

3. Carriers—Would be Liable for Stopping Car with Knowledge Approaching Machine Would Collide with it.—If a street car conductor knew that an automobile was following a street car at such a rate of speed and in such close proximity thereto as to make it dangerous to a passenger on the rear platform to stop the car at a place not an ordinary stopping place, it would be negligence for him to do so under the last clear chance doctrine, independent of the duties of the company to a passenger.

4. Carriers—Not Required to Anticipate Negligence of Driver of Following Vehicle.—A street car conductor may assume, in the absence of indication to the contrary, that an automobile following the car will be driven with such care that it can stop before colliding with the street car, even if the street car stops at an unexpected place, since the automobile driver is charged with knowledge that street cars frequently do stop at other than the regular stopping places.

5. Carriers—Owe no Duty to Protect Passenger Against Danger not Reasonably to be Anticipated.—A street car conductor owes no duty to a passenger to guard against danger from collision by a following automobile, where it was not reasonably to be anticipated that the driver of the automobile would run his machine into the street car, and, since there can be no negligence unless there is a breach of duty, the conductor's act in stopping the car was not the proximate cause of injuries to a passenger inflicted by the colliding automobile.

JOHN G. HEYBURN, PETER, LEE, TABB & KRIEGER and ALFRED SELLIGMAN for appellant.

A. J. BIZOT for appellee.

OPINION OF THE COURT BY JUDGE MCCANDLESS—Reversing.

Earl Rice was one of a party of laborers returning from South Louisville to their homes in the west end of the city. They rode in one of appellants street cars to Oak street with the intention of transferring to a West Oak street car. Several cars passed but all were so crowded they could not enter any of them. Finally Rice and two companions climbed on the rear of a car and stood upon the outer rim behind the railing which surrounded the rear vestibule. The platform was crowded and they handed their transfers to the conductor over the shoulders of intervening passengers.

The car went westward, only one or two stops being made until it reached Sixth street. As they approached it, the usual stop was made at the eastern intersection, but no one got off, but on signal the car was stopped again just beyond the western line of that intersection, and a lady alighted. From Second street a large sand truck drove just behind the car and the defendant, Rosenberg, followed it in a Ford sedan. At the intersection of Sixth street the truck turned southward, but the Ford sedan pursued its course, crossing Sixth street at a rate of speed estimated at from five to fifteen miles an hour and collided with the car, striking Rice and seriously injuring him. The conductor did not see Rosenberg or know of his approach until after the accident.

Alleging joint negligence Rice sued both the railway company and Rosenberg, recovering separate judgments of $1,250.00 and $2,500.00 respectively, and the railway company appeals.

It insists that it was entitled to a peremptory instruction to find for it. While slight, there is a scintilla of evidence tending to show that the conductor knew that Rice was riding outside the railing and accepted his transfer with such knowledge. If true, this would constitute him a passenger, and impose upon appellant the duty to exercise the highest degree of care to transport him safely. S. C. & C. S. Ry. Co. v. Hardy, 152 Ky. 374; S. C. & C. S. Ry. Co. v. Trowbridge, 163 Ky. 79.

The usual place for stopping cars going west is on the east side of the intersection. It is not claimed the car went rapidly over Sixth street and there was nothing unusual in the manner of stopping it. It is further clear that it is customary and lawful to stop a car at any place (at least between intersections) that necessity or convenience may require, and that the injury was caused by the negligence of the driver of the machine. The railway company had no control over him and to hold it liable for his negligent acts, unless it in some way concurred therein, would be to constitute it an insurer of its passengers and a guardian for the public. It is well settled that this is not the law. L. & N. R. R. Co. v. O'Brien, 163 Ky. 538; Adams v. L. & N. R. R. Co., 134 Ky. 620; Besier v. C. N. O. & T. P. R. R. Co., 152 Ky. 522; Bogard's Admr. v. I. C. R. R. Co., 144 Ky. 649.

If the machine was following the car at such a rate of speed and in such close proximity thereto as to make it dangerous or unsafe to appellee to stop the car on the

west side of the intersection and the conductor knew or had notice of his exposed position on the car, and also saw or had notice of the approach of the machine, unquestionably it would have been negligence to have stopped the car at the place. This would have arisen under the "last clear chance" doctrine, independent of its duties toward him as a passenger.

It is argued that his position on the car exposed him to danger from following vehicles, and that this risk was enhanced by stopping the car at an unusual place; that if the conductor knew of his position, it became his duty to anticipate this increased hazard and to exercise the highest degree of care to ascertain if such a vehicle was following the car in dangerous proximity thereto, and if such danger existed to stop only at the usual place.

The trouble with this theory is that it runs counter to the well settled principle that negligence is never presumed. The conductor had the right to assume that any vehicle following the car would be kept under control. If kept under control it could stop at least as quickly as the car. If the driver knew the usual places for cars to stop he was also chargeable with knowledge that they customarily stopped at other places; the street may be blocked with traffic, or a person or animal appear on the tracks in front of the car or a passenger desire to alight, indeed any reason of necessity or convenience will authorize such stopping, and all of these things were known or should have been known to Rosenberg. The conductor was not required to anticipate that he would negligently disregard them and run his machine into the car and injure appellee. If such conduct could not be reasonably anticipated the conductor was under no duty to guard against it, and as there can be no negligence unless there is a breach of duty, it follows that appellee's injuries were not the proximate result of negligence on the part of appellant, and that a peremptory instruction should have been given. Ky. Utilities Co. v. Searcy, 167 Ky. 840; South Cov. & Cin. Ry. Co. v. Crutcher, 135 Ky. 699; Newman v. Burnett, 184 Ky. 591; Leonard v. Enterprise Realty Co., 187 Ky. 578.

Wherefore judgment is reversed and cause remanded for proceedings consistent with this opinion.