## Louisville Railway Company v. Saxton.

(Decided October 18, 1927.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1   Carriers.—Street railroad was not negligent in stopping car at point beyond usual stopping place, because motor was out of order, and directing plaintiff, who was injured while alighting, and other passengers, to alight, since it is lawful to stop car at any place where necessity or convenience may require.

2. Carriers.—Where street railroad stopped street car at unusual place, because motor was out of order, and directed passengers to alight, it was not liable for injuries to passenger injured by automobile while alighting, since it was not responsible for automobile driver's negligence, and motion for peremptory instruction directing verdict for defendant should have been sustained.

PETER, LEE, TABB & KRIEGER for appellant.

CARTWRIGHT & BINKLEY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellee was a passenger on one of the east-bound Walnut street cars of appellant in the city of Louisville on the afternoon of September 23, 1925. She was on her way home. The stop where she usually alighted was at Clifton and Frankfort avenues. The appellant maintains a spur switch and Y at the northeast corner of Clifton and Payne streets for the purpose of switching and rerouting street cars. The southwest corner of Payne and Clifton streets is a regular and customary stopping place for passengers to alight from or to board street cars. On the occasion mentioned appellant's car proceeded to the northeast corner of Payne and Clifton streets and there stopped, on account of some trouble with its motor. The conductor directed his passengers to alight from the car at this point, and, while appellee was stepping from the street car and before or about the time she reached the street, she was struck by an automobile driven by Phillip Howard, who, according to the allegations of the petition, was an agent of the Model Cleaners & Dyers. Appellee recovered a judgment of $750 against the Louisville Railway Company pursuant to a verdict of a jury, but there was no recovery against the Model Cleaners & Dyers.

It seems to be contended by appellee that appellant was negligent in not furnishing appellee a safe place to alight from its street car. It is true the street car caused the passengers to alight at an unusual place, but there is nothing in the record which shows that the place was inherently dangerous, or that it was probable that a passenger would receive an injury in alighting from the car at that point. Automobiles passed on that street, and the sole question in the case is whether in the exercise of a reasonable judgment, appellant could have foreseen that the driver of an automobile would violate the law and collide with passengers alighting from the street car.

If appellant had the right to assume that the driver of an automobile would obey the law and not attempt to pass a street car standing on its track, we are at a loss to understand how it could be charged with negligence in allowing its passengers to alight at that point. We are at once confronted with the question as to the responsibility for the injury caused appellee when she alighted from the street car. It is true that it was held in the case of Louisville Ry. Co. v. Mitchell, 138 Ky. 190, 127 S. W. 770, that:

> "Carriers of passengers are under obligation to exercise toward their passengers a very high degree of care and this duty continues until the passenger alights from the car and has a reasonable opportunity to reach a place of safety."

In that case a passenger alighted from one street car, and, when she passed behind it and attempted to cross the other track, she was struck by another street car going in an opposite direction. There the street car company was chargeable with any negligence on the part of those operating the car from which she had alighted or the car which struck her. If the street car company had been responsible for the operation of the automobile which struck appellee, this case would be similar to the Mitchell case, supra.

We cannot distinguish this case from that of Louisville Railway Company v. Rice, 199 Ky. 196, 250 S. W. 863. In that case the court, in passing on a similar question, said:

> "The usual place for stopping cars going west is on the east side of the intersection. It is not claimed the car went rapidly over Sixth street and there was nothing unusual in the manner of stopping it. It is further clear that it is customary and lawful to stop a car at any place (at least between intersections) that necessity or convenience may require, and that the injury was caused by the negligence of the driver of the machine. The railway company had no control over him, and to hold it liable for his negligent acts, unless it in some way concurred therein, would be to constitute it an insurer of its passengers and a guardian for the public. It is well settled that this is not the law. L. & N. R. Co. v. O'Brien, 163, Ky. 538 (174 S. W. 31, Ann. Cas. 1916E,

1084); Adams v. L. & N. R. Co., 134 Ky. 620 (121 S. W. 419, 135 Am. St. Rep. 425, 21 Ann. Cas. 321); Beiser v. C., N. O. & T. P. R. Co., 152 Ky. 522 (153 S. W. 742, 43 L. R. A. (N. S.) 1050; Bogard's Adm'r v. I. C. R. Co., 144 Ky. 649 (139 S. W. 855, 36 L. R. A. (N. S.) 337.''

It is not contended in this case that appellant was guilty of any negligence, other than stopping its car at an unusual place and there directing the passengers to alight. This was done because the motor was out of order. If it is lawful to stop a car at any place where necessity or convenience may require it, the appellant was not negligent in the stopping of its car at a point beyond the usual stopping place. Appellant had no control over the driver of the automobile and is in no way responsible for his negligence. We do not find any serious argument in brief for appellee that this case is distinguishable from the Rice case, supra. It is said in her brief that the driver of the automobile had the right to presume that the street car had stopped for the purpose of switching and not to cause passengers to alight. We cannot agree with this argument. The driver of the automobile should have ascertained for himself whether passengers were to be discharged at this point before he undertook to pass the standing street car.

As the law announced in the Rice case, supra, settles the question of negligence on the part of appellant in this case, there is nothing left for the court to do, other than to hold that the motion for a peremptory instruction directing the jury to find a verdict for appellant should have been sustained.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.