# Tinnell v. Louisville Railway Company et al.

(Decided June 13, 1933.)

DUDLEY L. CLARKE and RAYMOND C. ARNY for appellant.

PETER, LEE, TABB, KRIEGER & HEYBURN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

A demurrer of the appellee, the Louisville Railway Company, to the petition as amended of the appellant, Jannie Tinnell, against it and R. M. Sanders, was sustained and the plaintiff suffered a dismissal thereof as against the railway company. The substance of the material portions of the petition is that a street car of the defendant company was stopped between street intersections, at a place which was not a regular stop; that the gates were opened and the passengers, of which she was one, were allowed to alight; and that as she did so the defendant Sanders struck and injured her with his automobile, for which injuries she asked damages in the sum of $20,312. All of those things were charged to have been done through negligence and carelessness. It was particularly charged that Sanders' negligence was concurred in by the railway company.

The demurrer admitted the facts pleaded, but not the conclusions of the pleader. The correctness of the trial court's action must, therefore, depend upon the statements of fact contained in the petition measured by the standard of the high degree of care which a carrier owes to its passengers.

The appellant relies upon Louisville Railway Co. v. Rice, 199 Ky. 196, 250 S. W. 863, 864. In that case the plaintiff was riding outside on the rear end of a street car which suddenly stopped between street intersections and was struck by an automobile closely following which did not stop in time to avoid a collision with him. A judgment against the railway company was reversed for a peremptory instruction in its favor, but in the course of the opinion it was observed that:

"The railway company had no control over him [the driver of the automobile], and to hold it liable for his negligent acts, unless it in some way concurred therein, would be to constitute it an insurer of its passengers and a guardian for the public."

The possibility of such concurring negligence was suggested in the following language:

"If the machine was following the car at such a rate of speed and in such close proximity thereto as to make it dangerous or unsafe to appellee to stop the car on the west side of the intersection, and the conductor knew or had notice of his exposed position on the car, and also saw or had notice of the approach of the machine, unquestionably it would have been negligence to have stopped the car at that place."

We do not have any facts pleaded here to bring the case within the suggestion. The case must be ruled by Louisville Railway Co. v. Saxton, 221 Ky. 427, 298 S. W. 1105, in which the facts were on all fours with those presented here. It was there held that the sole question was whether in the exercise of a reasonable judgment the company's employees could have foreseen that the driver of the automobile would violate the law and attempt to pass a standing car and collide with passengers alighting from it. Concluding that the anticipation of such negligent act on the part of the driver of the automobile was not chargeable to the carrier, it was held that a peremptory instruction for it should have been given.

Under the authority of these two cases and the reasons given therein, the demurrer was properly sustained and the judgment is, therefore, affirmed.