## Pelfrey v. Snowden et al.

(Decided Feb. 26, 1937)

FRANK A. ROPKE and M. C. REDWINE for appellant.

HUNT & BUSH and RUFUS LISLE for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

· The appellant, Ethel Pelfrey, who sues by her next friend, brought this suit in the Powell circuit court against the appellees, Donald Snowden, driver of a school bus, and the Powell County Board of Education, and also against Willard Brewer and Ben Spicer, who are not parties to this appeal. She sought damages in the sum of $16,150 from all four defendants for injuries suffered by her on November 19, 1934, when she was struck by an automobile operated by Willard Brewer and owned by Ben Spicer. At the date of the accident appellant was a student in the Powell County High School at Stanton, Ky. She was 16 years old. A school bus was provided by the appellee Board of Education which was operated by appellee Snowden under contract with the board. Appellant lived some five miles west of Stanton, on the south side of the highway, and used the bus in going to and from school. On the day of the accident the bus left Stanton about 4 o'clock in the afternoon and made three or four stops before reaching the point where appellant alighted. It was getting dark, and the headlights were turned on. The bus was proceeding in a westerly direction at the point of the accident, and stopped on the right, or northerly, side of the road. Appellant and two other pupils got off the bus through the door on its right side near the front. After alighting, appellant walked to the rear of the bus and started across the road behind it, when she was struck and injured by the car driven by Willard Brewer, which was eastbound and running without lights. The school bus had proceeded but a short distance before appellant was struck. In the original petition and first amended petition it was claimed that the appellees "negligently and carelessly so operated said school bus" as to cause or bring about the injuries complained of. A second amended petition was tendered at the trial, in which it was claimed that the bus driver had negligently failed to warn

appellant of the approach of the car driven by Willard Brewer. At the close of the plainitff's testimony, the court directed the jury to return a verdict for the appellees Snowden and Board of Education. Appellant recovered a judgment in the sum of $1,200 against the other two defendants. She has prosecuted this appeal from the judgment in favor of the school board and the bus driver alone.

It is argued that the court erred in sustaining appellee's motion for a peremptory instruction and likewise erred in refusing to permit the introduction in evidence of the contract of employment between Snowden and the Board of Education. It is argued for appellees that there was an utter failure to prove any negligence on their behalf, and particularly no such negligence as is alleged in the petition as amended. It is likewise asserted that the Board of Education, as an arm of the government, is not liable for the negligence of its employees. This latter contention has inspired a brief by amicus curiae, but, since we are of the opinion that appellant failed to show any negligence on the part of appellees, it is unnecessary for us to consider that question.

The only possible theory upon which to predicate any finding of negligence against the driver of the school bus is to assume on the facts here presented that he was under a duty to warn appellant of the approach of the car driven by Willard Brewer. Assuming, for the purposes of argument, that such a duty existed and that the driver had not performed his full obligation to appellant when he deposited her safely on the right side of the road at the point where she was accustomed to alight from the bus, the record is totally devoid of evidence to show that the driver had any knowledge of the approach of the Brewer car in time to have warned appellant of the danger. The Brewer car was traveling without lights and there is nothing to show its speed. Appellant relies on the cases of Louisville R. Co. v. Hudgins, 124 Ky. 79, 98 S. W. 275, 30 Ky. Law Rep. 316, 7 L. R. A. (N. S.) 152, and Louisville R. Co. v. Mitchell, 138 Ky. 190, 127 S. W. 770; but neither of those cases is applicable to the situation here presented. In each of those cases the plaintiff, after alighting from one car, was struck by a second car operated by the same company. The negligence ultimately relied on was the failure of the operator of

the car which struck the plaintiff to exercise the proper degree of care, and not the negligence of the operator of the car from which the plaintiff had alighted. This distinction was pointed out in the case of Trout's Adm'r v. Ohio Valley Electric R. Co., 241 Ky. 144, 43 S. W. (2d) 507, wherein we sustained the giving of a peremptory instruction in favor of the railway company in a case where the plaintiff was struck by an automobile after alighting from a street car. See also, Tinnell v. Louisville R. Co., 250 Ky. 245, 62 S. W. (2d) 467; Louisville R. Co. v. Saxton, 221 Ky. 427, 298 S. W. 1105; Louisville R. Co. v. Rice, 199 Ky. 196, 250 S. W. 863. Clearly, the trial court did not err in sustaining the motion of appellees for a peremptory instruction.

It is likewise argued that we should reverse the judgment because of the failure of the trial court to permit the introduction in evidence of the contract of employment between the school board and the driver of the bus. It was not denied that the bus driver was employed by the Board of Education, nor that he was at the time acting within the scope of his employment. Assuming, however, that the contract was competent, it certainly could only tend to fix the liability of the Board of Education for the acts of its agent. Since we have concluded that there was no negligence on the part of the driver of the bus, it is entirely immaterial whether it was admitted or refused. Compare Louisville R. Co. v. Gaugh, 133 Ky. 467, 118 S. W. 276; Louisville & N. R. Co. v. Dyer, 152 Ky. 264, 153 S. W. 194, 48 L. R. A. (N. S.) 816.

Judgment affirmed.