### DISTLER v JOHN SHILLITO CO

Ohio Common Pleas, Hamilton Co

Decided Feb 8, 1938

308

DeCamp, Sutphin & Brumleve, Cincinnati, for plaintiff.

J. A. Culbertson, Cincinnati, for defendant.

## OPINION

By ROUDEBUSH, J.

This matter comes before the court on a motion to require the plaintiff to submit to an x-ray examination.

The petition alleges that the plaintiff sustained both a fracture of the second rib and an injury to her spine between the fourth and fifth thoracic vertebrae. The affidavit in support of the motion, signed by attorney for the defendant, sets forth:

"that it is necessary in order that the true nature and extent of the injuries claimed to have been sustained by plaintiff may be known that an x-ray examination be made by a competent radiologist."

The great weight of authority, including Ohio, is that the trial court has the power to require the plaintiff in an action to recover for injuries to submit to a physical examination in order that the extent of the injuries may be ascertained. However, this right is not absolute, but lies within the discretion of the trial court. The S & S. Kresge Co. v Trester, 123 Oh St 383; Miami & Montgomery Turnpike Co. v Bailey, 37 Oh St 104; Scullin v Vinning, 126 Ark. 124; Cook v Miller, 103 Conn. 267; Lake Erie & W. R. Co. v Griswold, 72 Ind. App. 265, and Landis v Wichita R. Light Co., 110 Kans. 205.

The same rule prevails in Kentucky, Maryland, Minnesota, Missouri, Nebraska, New Jersey, New York, Pennsylvania, Virginia and Washington.

A few states hold to the contrary view that the trial court has no authority to compel the plaintiff to submit to a physical examination.' These states are: Louisiana, Montana, Oklahoma, Texas, and Utah.

The court has a wide discretion in permitting such examinations, and though its rulings are subject to review on appeal, court's decision will not be disturbed unless it palpably shows an abuse of discretion.

Trial court has been sustained as not having abused its discretion in granting a second examination where it appears that same is necessary; in refusing to grant a second examination; in granting an examination after the trial is started, and in refusing to grant an examination after the trial is started. The court in permitting such examination may set forth the conditions under which it is to be made, either naming a disinterested physician or taking the physician suggested by either party. The court has authority to dismiss a case on the refusal to obey the order granting such examination.

Since the trial judge has such a wide discretion in directing an examination should he not have authority to designate that the examination should be made by x-ray picture, if the evidence indicate that such an examination would better show the extent of the plaintiff's injury? The courts have so held. Brown v Hutzler Bros. Co., 136 Atl. 30 (Md.) 177, the second syllabus is as follows:

"2. The court does not abuse its discretion in requiring plaintiff in an action to recover damages for personal injuries to go to the office of a physician for physical examination as to the extent of the injuries, which are alleged to have included a broken bone, which suggests an x-ray examination, where it authorizes the presence of plaintiff's physician and husband during the examination."

The same wide discretion is given the trial court as to x-ray examinations as to other examinations. The courts have held that the trial judge was within his discretion in refusing an x-ray picture after the trial is started. St. Louis-San Francisco Rd. Co. v Murphy, 168 Ark. 330; Cincinnati, N. O. & T. P. Rd. Co. v Perkins, 205 Ky 798.

Courts were also sustained in refusing examinations where, to do so, would be

injurious to plaintiff's health or require improper exposure of person; or in a case where the evidence shows that the x-ray picture would not be of assistance in determining the extent of the plaintiff's injury. But in a proper case, especially where injury is to the bone, if made before trial the court's discretion in permitting such an x-ray examination has been sustained as proper.

The court applying the above rules to the instant case which involves a bone injury, and the application being made before trial and supported by affidavit showing that said x-ray examination is necessary to indicate the extent of plaintiff's injury, (the court) feels that said motion should be granted and that the plaintiff should submit herself to an x-ray examination at the office of a competent radiologist to be agreed upon by counsel, or upon failure to agree then to be designated by the court.

The motion will therefore be granted.